IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

TONY EUGENE WARDLOW                                                    PETITIONER
Reg. #15072-045

v.                               2:24-cv-00117-BSM-JJV

CHAD GARRETT                                                            RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.      INTRODUCTION**

Petitioner Tony Eugene Wardlow, an inmate at the Federal Correctional Institution – Forrest City Low, brings this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) He alleges the Bureau of Prisons has failed to provide him medical care – namely, surgery to treat his age-related cataract condition. (*Id*. at 2.) For relief, he requests a court order directing the Bureau of Prisons to provide the surgery. (*Id*. at 8.) I have conducted a preliminary review of Mr. Wardlow's Petition pursuant to Rule 4 of the Rules Governing Section

2254 Cases in the United States District Courts.[1]  Based on that review, it plainly appears Mr. Wardlow is not entitled to habeas relief.  Accordingly, I recommend the Petition be dismissed without prejudice.

## II.     ANALYSIS

The essence of Mr. Wardlow's claim is that the prison's refusal to provide him cataract surgery constitutes deliberate indifference to his medical needs.  (Doc. No. 1 at 7.)  Such a claim is not cognizable in habeas corpus and is more suited for an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal analog to 42 U.S.C. § 1983.  The essence of habeas corpus is "an attack by a person in custody upon the legality of that custody," and the traditional function of the writ "is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  If a prisoner is not challenging the validity of his conviction or the length of his detention, "then a writ of habeas corpus is not the proper remedy," and the district court lacks jurisdiction to issue a writ. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  If a prisoner is making a constitutional challenge to the conditions of his prison life – but not to the fact or length of his custody – then a § 1983 or *Bivens* action is the proper remedy. *Preiser*, 411 U.S. at 499.

Mr. Wardlow does not challenge his conviction, nor does he seek a remedy that would result in an earlier release from prison.  Rather, he contends the prison's refusal to provide certain medical care violates the law.  Accordingly, his claim relates to the conditions of his confinement, and a habeas petition is not the proper claim to remedy his alleged injury. *See Spencer v. Hayes*, 774 F.3d 467, 469-70 (8th Cir. 2014).

---

[1] Pursuant to Rule 1(b), the § 2254 Rules are applicable to other types of habeas corpus petitions.

The United States Court of Appeals for the Eighth Circuit has counseled that the "appropriate construction" in cases such as this one would be to convert Mr. Wardlow's claim to a *Bivens* action, after having obtained his consent to do so. *Id*. at 471. However, at the outset of this case, I informed Mr. Wardlow that his claim appeared to be more accurately described as a *Bivens* claim and invited him to proceed accordingly. (Doc. No. 2.) He declined to do so. Additionally, the only named respondent is the warden who has custody of Mr. Wardlow. Presumably, he would not be an appropriately named defendant in a *Bivens* case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (vicarious liability is inapplicable to *Bivens* suits, and a plaintiff must plead that each defendant, through the official's own individual actions, violated the Constitution). For these reasons, I find the most fair and efficient disposition would be to dismiss Mr. Wardlow's habeas action without prejudice and allow him to proceed with a separate *Bivens* action if he so chooses.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Wardlow's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice and the requested relief be DENIED.

DATED this 12th day of July 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE